UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONNIE L. HAGGARD, Petitioner, v. LAWRENCE G. WASDEN, Respondent. | Case No. 1:09-CV-54-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this federal habeas corpus action is Respondent's Motion for Summary Dismissal. (Dkt. 9.) The Court earlier granted Petitioner an extension of time to file a response, but no response has been filed within the time permitted. (Dkt. 12 & 13.) Therefore, the Court will now consider the Motion for Summary Judgment on the briefing submitted and an independent review of the state court record.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**1. Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court." In such case, the Court construes the facts in a light most favorable to the petitioner.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when the state court judgment became final. The federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Where, as here, a petitioner's conviction became final before the effective date of AEDPA, his federal petition must be filed by April 24, 1997, one year from the effective date of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 2**

## 2. Background

Petitioner was convicted of three felonies and two misdemeanors, and was also found to be a persistent violator, in the Fourth Judicial District Court in Ada County, Idaho. Judgment was entered on January 4, 1989. Petitioner subsequently filed a Rule 35 motion to correct an illegal sentence, which was denied by the state district court. (State's Lodging A-1.)

Petitioner filed a direct appeal on January 5, 1989. His convictions and sentences were affirmed in 1991. (*Id.*, pp. 4-5.) On May 16, 1991, Petitioner's convictions and sentences became final when the appellate court issued its remittitur after appeal. (*Id.*, p. 5.)

Petitioner apparently sent a copy of a second Rule 35 motion to the county attorney in 2006, but did not file the motion with the court. The county attorney filed a motion to dismiss on December 18, 2006, but the state district issued an order noting that since no Rule 35 motion was filed, then no order on the motion to dismiss was necessary. (*Id.*, pp. 25-28.)

Petitioner actually filed a second Rule 35 motion on January 4, 2007. The motion was denied by the state district court on January 8, 2007. (*Id.*, pp. 30-42.) Petitioner pursued an appeal that was heard by the Idaho Court of Appeals. The district court's order was affirmed in an original opinion and a subsequent substitute opinion issued by the Court of Appeals. Petitioner then filed a petition for review before the Idaho Supreme Court. The petition for review was denied and remittitur issued on July 31, 2008. (State's Lodgings B-1 through B-12.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner filed this federal habeas corpus action on February 9, 2009. (Dkt. 3.) He asserts that his sentence was wrongfully enhanced under Idaho Code § 19-2514, the persistent violator statute, amounting to "an unconstitutional Bill of Attainder in violation of Article 1, Section 10, of the United States Constitution," and a violat[ion] of Due Process and Equal Protection of the law, as guaranteed by the 14th Amendment." (Dkt. 3, p. 2.)

**3. Discussion**

Based on the foregoing procedural history, Petitioner's judgment became final on August 14, 1991, which is 90 days after the remittitur issued on direct appeal. Because his judgment was pre-AEDPA but his federal habeas corpus filing was post-AEDPA, the statute specifies that his federal habeas petition must have been filed by April 24, 1997, one year after enactment of the statute.

Petitioner filed nothing in state court that would have statutorily tolled the federal statute of limitations prior to the expiration date of April 24, 1997. Petitioner's post-conviction action, filed in 2007, was ten years too late to toll the federal statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

Petitioner's federal claim is a challenge to the sentence itself, not to the execution of the sentence, and there is nothing in the record suggesting that Petitioner's claim recently

**MEMORANDUM DECISION AND ORDER - 4**

arose (such as a claim that he is being held beyond the date of the sentence set forth in the judgment). Rather, Petitioner could have challenged the sentence as illegal directly after it was imposed, as he relies upon *United States v. Brown*, 381 U.S. 437 (1965), as legal authority for his claim. In any event, he should have filed his federal petition no later than April 24, 1997.

Even though state law permits a Rule 35 motion for correction of an illegal sentence to be filed at any time, that provision of state law does not serve to extend the federal statute of limitations. The Ninth Circuit addressed a similar circumstance in *Ferguson v. Palmateer*. There, the petitioner, an Oregon state prisoner, filed his state post-conviction relief petition within Oregon's two-year statute of limitation, but outside of 28 U.S.C. § 2244(d)'s one-year statute of limitation for federal petitions. *Id.* at 822. When he attempted to file a federal petition after exhausting his claims in state court, the district court dismissed it as untimely. *Id.*

On appeal to the Ninth Circuit, Ferguson argued that strict enforcement of the federal statute of limitation rendered habeas corpus an inadequate or ineffective remedy and violated the Suspension Clause in Article I, § 9 of the Constitution. *Id.* at 822. Specifically, Ferguson argued that a literal interpretation of the statute created a "'trap' for state prisoners who availed themselves of state remedies in a timely fashion, only to find themselves barred from federal court." *Id.* at 823. In rejecting this contention, the Ninth Circuit concluded that it is unreasonable for a state prisoner to rely on the state statute of limitation rather than AEDPA's statute of limitation. *Id.*

**MEMORANDUM DECISION AND ORDER - 5**

Hence, here, Petitioner's 2007 state Rule 35 action did not re-start the federal habeas corpus statute of limitations that had expired on April 24, 1997. As a result, the federal Petition must be dismissed unless equitable tolling applies.

**4. Equitable Tolling**

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file a federal Petition in time.

Respondent provided Petitioner with the proper standard of law for equitable tolling in the Memorandum supporting the Motion to Dismiss (Dkt. 9-1). Petitioner has not provided any facts or argument in support of equitable tolling, and the Court sees no facts evident from the record that would support tolling. As a result, Petitioner's Petition will be dismissed with prejudice.

**REVIEW OF THE CLAIMS AND THE COURT'S DECISION**
**FOR PURPOSES OF CERTIFICATE OF APPEALABILITY**

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a

certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the statute of limitations and equitable tolling issues, and that the issues

**MEMORANDUM DECISION AND ORDER - 7**

presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), within thirty (30) days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 9) is GRANTED, and Petitioner's Petition (Dkt. 3) is DISMISSED with prejudice.

2. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **August 23, 2010**

Honorable Edward J. Lodge
U. S. District Judge